**VERA MCCOY, ESQ.** (VM 4103)
PO Box 927
Clementon, NJ 08021
(856) 435-3360
<u>Attorney for Plaintiff</u>

| | |
|---|---|
| DELORES GRAY, | )**UNITED STATES DISTRICT COURT** |
| Plaintiff | ) **DISTRICT OF NEW JERSEY** |
| v. | ) |
| CAMDEN CITY BOARD, | )Civil Case No. 1:05-cv-1778 (FLW) |
| OF EDUCATION, CAMDEN | ) |
| EDUCATION ASSOC., & ANNETTE | ) |
| KNOX, STANLEY WHITE, & BETTY | ) |
| HERRING, JANE & JOHN DOES | ) |
| 1 through 10, agents/employees of the | ) |
| CAMDEN CITY BOARD OF | ) |
| EDUCATION, | ) |
| Defendants | )**AMENDED COMPLAINT** |

The plaintiff, Delores Gray, residing at 1260 Kenwood Avenue, in Camden, Camden County, New Jersey, by and through the undersigned attorney, hereby states for her Complaint against the defendants the following:

**Jurisdiction and Venue**

1. The within action arises pursuant to the Americans with Disability Act of the United States of America, specifically Title 42 U.S.C. §§2000e, et seq., as amended, and 1981.  There are also state claims hereinafter stated.

2. The within action arises pursuant to the Collective Bargaining Act.

3. The within action arises pursuant to the Civil Rights Act of the United States of America, specifically Title VII, 42 U.S.C. §§2000e, et seq., as amended,

and 1981.

4. The jurisdiction of this court is based on 42 U.S.C. §2000e-5(f)(3) and 28 U.S.C. §1331, and as to the state claims, the doctrine of pendent jurisdiction.

5. All defendants either reside in the State of New Jersey and the judicial district of this court, or they were subject to personal jurisdiction at the time the within action was commenced. All of the subjects, events or omissions giving rise to this cause of action occurred within the judicial district of this court.

6. Venue is proper pursuant to 28 U.S.C. §1391(b) and (c), and 42 U.S.C. §2000e-5(f)(3).

**Parties**

7. The plaintiff is, and has been at all times hereinafter mentioned, a citizen of the United States of America, Camden County, New Jersey. Plaintiff, an African-American female, was at all times complained of herein, employed by the defendant, the Camden City Board of Education, hereinafter "the Board", and was an "employee" within the meaning of 42 U.S.C. §() and N.J.S.A. 10:5-5(f).

8. Plaintiff is also considered an employee within the meaning of the American with Disabilities Act of 1990, as amended, 42 U.S.C. §12101, et seq. hereinafter "ADA".

9. Plaintiff is also considered an employee within the meaning of the Law Against Age Discrimination.

10. Defendant, the Board is an institution which is either incorporated or chartered and operating in the State of New Jersey.

(2)

11. Defendants, Annette Knox, Stanley White, Betty Herring and John and Jane Does 1-10, are or were employees of the Board and acted as employees and agents for the entity.

12. Defendant, Board, is "engaged in an industry affecting commerce", within the meaning of 42 U.S.C.§2000e(h); and has more than fifteen employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year.  The Board is an "employer[s]" within the meaning of 42 U.S.C. §2000e(b) and N.J.S.A. 10:5-5(e).

**Facts**

13. Plaintiff, Delores Gray, was hired on or about August 29,1969, by the Board as a teacher.  On or June 14, 1970 plaintiff received her Bachelor's Degree.  In or about January 1984 plaintiff became an In-House Suspension Teacher at Camden High School.  In or about December 1984 plaintiff received her Certification as an Elementary School Teacher from the State of New Jersey.  On or about May 15, 1999 plaintiff obtained her Master of Education Degree.  In or about December 1999 plaintiff received Certificates of Eligibility as a School Administrator and Principal/Supervisor.

**COUNT ONE-VIOLATION OF ADA**

14. In or about January, 2002 plaintiff suffered an injury to her knee.  She was confined to a wheelchair.  At that time plaintiff was working at Camden High.

15. In about August 2002, the plaintiff was abruptly transferred from

Camden High School because Betty Herring, Principal, stated "I do not want any handicapped people in my building."

16. She was assigned to Hatch Middle School in or about September, 2002. The Board was in violation of the ADA in that: (a) no handicap parking space(s) were provided; (b) no handicap ramps were available; (c) there were no handicap accessible bathrooms in any of five buildings.

17. There was an elevator in the building, however, it was inoperable for approximately three to four months, in effect, providing no handicap accessibility to any floors above the first floor.

18. Plaintiff made several phone calls to defendant, and its representatives, wrote numerous letters, and filed grievances, but nothing was done to correct the situation to accommodate plaintiff's needs.

19. As a result of defendants' policies and practices, plaintiff was unjustly discriminated against and deprived of equal employment opportunities in violation of 42 U.S.C. §12101.

20. Because of defendants' unlawful conduct plaintiff has sustained damages for lost wages, lost salary increases, lost benefits, depletion of personal savings, emotional distress and other losses she would not have otherwise suffered in the absence of defendants' conduct.

WHEREFORE, plaintiff demands judgment in her favor and against defendants, and that the Court grant relief as follows:

(a)  awarding such actual damages as the jury shall find plaintiff to have sustained, together with such punitive or exemplary damages as the law shall permit and the jury shall find;

(b)  awarding attorneys' fees and costs of suit;

(c)  awarding such other and further relief, equitable or legal as the Court may deem and proper.

**COUNT TWO-VIOLATION OF COLLECTIVE BARGAINING**

21.  Plaintiff repeats by reference paragraphs one through 20, and incorporates them as if set forth at length herein.

22.  During her employment Ms. Gray was subjected to harassment and retaliation by various Board employees.  More specifically these acts of harassment and retaliation included, but were not limited to:

(a)  denial of promotions;
(b)  reductions/deductions of pay and or salary;
(c)  denial of medical, and other benefits.
(d)  transferred in August 1996 without due process;
(e)  no annual evaluations for the school years 1997-2000;
(f)  denied use of donated days;
(g)  terminated in March 2002 while on sick leave;
(h)  transferred to cover up theft of "Network Three" funds;
(i)  interfered with operation of a non-profit agency, "CCC for DFL, Inc.";
(j)  denied earned and accrued compensatory time for extra duties;
(k)  sent information for job interview on the same day, so plaintiff would not be able to attend;
(l)  misplaced job application package and held it until after submission date, denied job;
(m)  closed Saturday Reinstatement program on June 30, 2001, even though it was approved by the Board to continue until August 16, 2001;
(n)  one of defendants, or its agents, set plaintiff's classroom on fire in August, 2001, destroying both professional and personal items, for which

(5)

    she never received restitution;

    (o)  Betty Herring threw away thirty years of plaintiff's collected materials, posters, charts, reports, notebooks, and file cabinets of supplies, etc. in or about September 2, 2002;

    (p)  denied tuition reimbursement in the amount of approximately $1,350.00;

    (q)  denied scheduled prep time and duty free lunch time;

    (r)  denied educational materials to perform assigned duties.  Plaintiff resorted to purchasing materials and supplies with her own money, even though she made numerous requests from defendant;

    (s)  The Board failed to establish a department for "In School Suspension". No teachers, supervisors, staff development, curriculum and guidelines for instructional purposes was ever provided;

    (t)  defendant deducted plaintiff's pay twice for the same days.  Plaintiff complained to defendant but the money was never replaced;

    (u)  slandered in August, 1996 and allowed an employee to talk about plaintiff's transfer at a public portion of a Board meeting, creating a hostile work environment;

    (v)  this environment was perpetuated when plaintiff received a memo forbidding her to talk to anyone at any agency;

    (w)  placed in wrong level of teacher's pay scale for ten (10) years. Defendant corrected its error in June 1996, however, it never reimbursed plaintiff for being in the wrong pay level for the ten years prior;

    (x)  demoted plaintiff from twelve (12) month employment to ten (10) month without due process, due to a clerical error in September, 2003;

    (y)  defendant denied plaintiff workers compensation twice even though she was injured on the job;

    (z)  decisions were made by non-medical personnel regarding plaintiff's medical condition;

    (aa)  plaintiff's position was verbally abolished but never placed on Board minutes in September, 2002;

    (bb)  defendant denied plaintiff twenty (20) days of vacation pay during the 2002-03 school year (worked as a twelve month employee from September 2002 to March 18, 2003 when plaintiff became ill).

    23.  Plaintiff filed numerous grievances with the Camden Education Association, hereinafter "CEA" or the "Union", from in or about 1997 until 2001. The plaintiff sent several letters to the CEA seeking resolution, but nothing was ever done.

24. Defendant Union failed to respond to plaintiff's grievances. The proper procedure was for plaintiff to appear before the Board, with a CEA representative for resolution of her grievances. Meetings never took place, arbitrations never occurred, thus the CEA was in violation of the Collective Bargaining Agreement.

25. Plaintiff specifically states that defendant, CEA, violated the Collective Bargaining contract in the following detail:

> (a) In or about January 1984, plaintiff informed the CEA that she was placed at step 1 of the teachers' contract tier after being in the Camden system for eleven years.
> (b) In or about September 1985, plaintiff informed the CEA that she was forced to work beyond regular classroom hours as In House Suspension Teacher at Camden High School.
> (c) In or about August 1996, plaintiff informed the CEA that she was abruptly transferred from one position to another without due process.
> (d) In or about September 1996, plaintiff informed the CEA that her pay was reduced after the above mentioned transfer.
> (e) In or about May 1997, plaintiff informed the CEA that she was given an "unauthorized title" and being demoted from an administrative position back into the classroom.
> (f) In or about June 1997, plaintiff informed the CEA that her position at U.S. Wiggins, as In House Suspension Teacher, was abolished and once again she was transferred to Camden High School without due process or proper notice.
> (g) In or about May 1998, plaintiff informed the CEA that she was working without a duty free lunch period and having no daily prep time.
> (h) In or about June 1999, plaintiff informed the CEA that she did not receive tuition reimbursement for college credits.
> (i) In or about September 1999, plaintiff informed the CEA that a staff member was placed in an acting administrative position when the vacancy was never publicly or privately advertised.
> (j) In or about April 2000, plaintiff informed the CEA that she was placed on the wrong pay scale and questioned how the issue could be rectified so that she could receive the proper pay.
> (k) In or about May 2001, plaintiff informed the CEA that she was placed

in a classroom without heat, working without a duty free lunch period and having no daily prep time. An official grievance was filed and the Union never responded.

(l)  In or about April 2002, plaintiff requested the CEA intervene on her behalf because she was terminated while taking sick leave. My health benefits were stopped and I suffered emotional and physical stress.

(m)  In or about August 2002, plaintiff requested the CEA intervene on her behalf because she was transferred by the principal at Hatch Middle School because the principal did not want any handicapped staff members in her building.

(n)  In or about September 2003, plaintiff informed the CEA that upon her return from her illness her 12 month position (Health and Social Service) was changed to a 10 month position (Teacher of In House Suspension) without due process, prior notice and/or it being put in writing.

(o)  In or about June 2003, plaintiff informed the CEA that she had accrued vacation time while a twelve month employee that she never received.

(p)  In or about May 2004, plaintiff informed the CEA that she was intentionally left off the list of interviewees for a position and was treated as though she never handed in the paperwork in a timely manner.

26. Defendant CEA failed to provide plaintiff with adequate representation by not responding to her numerous letters and grievances. The Union facilitated, was passive, and actively condoned the Board's and the other defendants' wrongful discriminatory actions, by not providing plaintiff with proper representation.

27. The Board acted in bad faith, and willfully violated the Collective Bargaining Agreement, by not responding to plaintiff's request for meetings, hearings, and/or arbitrations.

WHEREFORE, plaintiff demands judgment in her favor and against defendants, and that the Court grant relief as follows:

(a)  awarding such actual damages as the jury shall find plaintiff to have

sustained, together with such punitive or exemplary damages as the law shall permit and the jury shall find;

 (b) awarding attorneys' fees and costs of suit;

 (c) awarding such other and further relief, equitable or legal as the Court may deem and proper.

## COUNT THREE-VIOLATION OF LAW AGAINST AGE DISCRIMINATION

 28. Plaintiff repeats by reference paragraphs one through 27, and incorporates them as if set forth at length herein.

 29. On numerous occasions plaintiff applied for, and was denied, promotion to Vice Prinicipal, Supervisor of Scheduling, or other supervisory positions, in spite of her qualifications.

 29. Other individuals with lesser qualifications were promoted ahead of plaintiff.

 30. As a result of defendants' policies and practices, plaintiff was unjustly discriminated against and deprived of equal employment opportunities in violation of the Law Against Age Discrimination.

 31. Defendants' actions have resulted in lost wages, lost salary increases, lost benefits, depletion of personal savings, emotional distress and other losses they would not have otherwise suffered in the absence of defendants' conduct.

 WHEREFORE, plaintiff demands judgment in his favor and against defendants, and that the Court grant relief as follows:

(a)  awarding such actual damages as the jury shall find plaintiff to have sustained, together with such punitive or exemplary damages as the law shall permit and the jury shall find;

(b)  awarding attorneys' fees and costs of suit;

(c)  awarding such other and further relief, equitable or legal as the Court may deem and proper.

## COUNT FOUR-VIOLATION OF TITLE VII

32.  Plaintiff repeats by reference paragraphs one through 31, and incorporates them as if set forth at length herein.

33.  Plaintiff was forced to work in a hostile work environment and repeatedly harassed by the Board, its agents and employees and the herein named defendants in violation of Title VII.

34.  These acts specifically include and are not limited to the following:

(a)  she was denied all requests for programs and services on Board minutes beyond her regular pay;
(b)  loss of pay due to Board negligence;
(c)  accused of forgery in March 2002;
(d)  she was banned from attending various meetings, even when invited;
(e)  was labeled a "problem" employee and treated differently by defendant and its employees.

WHEREFORE, plaintiff demands judgment in his favor and against defendants, and that the Court grant relief as follows:

(a)  awarding such compensatory damages as the jury shall find plaintiff to have sustained, together with such punitive or exemplary damages as the law

(10)

shall permit and the jury shall find;

    (b)  awarding attorneys' fees and costs of suit;

    (c)  awarding such other and further relief, equitable or legal as the Court may deem and proper.

### JURY DEMAND

Plaintiffs demand a trial by jury as to all issues.

                                   /s/Vera McCoy  
                                   VERA MCCOY, ESQ.  
Dated: August 18, 2005        Attorney for Plaintiff

(11)