"Document Electronically Filed"

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DELORES GRAY,<br><br>        Plaintiff,<br><br>      vs.<br><br>CAMDEN CITY BOARD OF EDUCATION,<br>CAMDEN EDUCATION ASSOCIATION &<br>ANNETTE KNOX, STANLEY WHITE &<br>BETTY HERRING, JANE & JOHN DOES 1<br>through 10, agents/employees of<br>the CAMDEN CITY BOARD OF<br>EDUCATION,<br><br>        Defendants. | Case No. 05-1778(FLW)<br><br><br>Civil Action |

---

**BRIEF IN SUPPORT DEFENDANT CAMDEN EDUCATION ASSOCIATION'S MOTION TO DISMISS PURSUANT TO *FED. R. CIV. PRO* 12(b)(6) FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED**

---

**ZAZZALI, FAGELLA, NOWAK**
**KLEINBAUM & FRIEDMAN**
One Riverfront Plaza
Newark, New Jersey 07102
(973) 623-1822
Attorneys for Defendant
Camden Education Association

*Of Counsel:*
Richard A. Friedman, Esq.

*On the Brief:*
Colin M. Lynch, Esq.

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES...........................................ii

STATEMENT OF FACTS.............................................1

LEGAL ARGUMENT................................................5

POINT I.

PLAINTIFF'S AMENDED COMPLAINT AGAINST THE CEA
MUST BE DISMISSED AS IT FAILS TO STATE A VALID
CAUSE OF ACTION UPON WHICH RELIEF MAY BE GRANTED.........5

POINT II.

COUNT TWO OF THE PLAINTIFF'S AMENDED COMPLAINT
ALLEGING BREACH OF THE CEA'S STATE LAW DUTY OF
FAIR REPRESENTATION IS BARRED BY THE APPLICABLE SIX
MONTH STATUTE OF LIMITATIONS............................8

A.   A Breach of the Duty of Fair Representation is
     an Unfair Practice Under the PERC Act...............8

B.   An Unfair Practice Complaint Must be Filed Within
     Six Months After the Occurrence of the Unfair
     Practice..........................................10

C.   Gray's Cause of Action for Breach of the Duty of
     Fair Representation was Filed Outside of the Six-
     Month Limitations Period..........................19

POINT III.

PLAINTIFF'S FAILURE TO TIMELY FILE A CHARGE OF
DISCRIMINATION WITH THE EEOC WARRANTS DISMISSAL OF
COUNTS ONE AND FOUR OF HER AMENDED COMPLAINT............21

POINT IV.

COUNT THREE OF PLAINTIFF'S AMENDED COMPLAINT ALLEGING
"VIOLATION OF LAW AGAINST AGE DISCRIMINATION" FAILS TO
STATE A CLAIM FOR "AIDING AND ABETTING" LIABILITY UNDER
THE LAD................................................24

CONCLUSION..................................................30

## TABLE OF AUTHORITIES

### FEDERAL COURT CASES

PAGE

*Bender v. Suburban Hosp., Inc.*,
159 F.3d 186 (4th Cir. 1998).................................... 6

*Bermingham v. Sony Corporation of America, Inc.*,
820 F.Supp. 834 (D.N.J. 1992),
*aff'd*, 37 F.3d 1485 (3rd Cir. 1994)....................... 21, 22

*Briehl v. General Motors Corp.*,
172 F.3d 623 (8th Cir. 1999).................................... 5

*Churchill v. Starr Enterprises,*
183 F.3d 184 (3rd Cir. 1999)............................. 21, 22

*Conley v. Gibson*,
355 U.S. 41, 78 S.Ct. 99 (1957)................................ 5

*Del Costello v. International Brotherhood of Teamsters*,
462 U.S. 151, 103 S.Ct. 2281 (1983).............. 13, 14, 15, 17

*DM Research, Inc., v. College of Am. Pathologists,*
170 F.3d 53 (1st Cir. 1999)................................... 5

*Failla v. City of Passaic,*
146 F.3d 149 (3rd Cir. 1998)............................. 25, 27

*Farber v. City of Paterson*,
327 F.Supp.2d 401 (D.N.J. 2004)......................... 16, 18

*Hornsby v. United States Postal Service*,
787 F.2d 87 (3rd Cir. 1986)................................... 21

*Howze v. Jones & Laughlin Steel Corp.*,
750 F.2d 1208 (3rd Cir. 1984)................................. 22

*Hurley v. Atlantic City Police Dept.*,
174 F.3d 95 (3rd Cir. 1999)................................... 26

*Johnson v. Railway Express Agency, Inc.*,
421 U.S. 454, 95 S.Ct. 1716 (1975)........................... 22

*Love v. Pullman*,
404 U.S. 522, 92 S.Ct. 616 (1972)............................ 22

*Markowitz v. Northeast Land Co.,*
906 F.2d 100 (3rd Cir. 1990).................................... 5

*Morse. v. Lower Merion Sch. Dist.,*
132 F.3d 902 (3rd Cir. 1997).................................... 5

*Waiters v. Parsons,*
729 F.2d 233 (3rd Cir. 1984)................................... 22

## NEW JERSEY STATE COURT CASES

*D'Arrigo v. New Jersey State Bd. of Mediation,*
119 N.J. 74 (1990)......................................... 9, 17

*Fleming v. UPS, Inc.,*
255 N.J. Super. 108 (Law Div. 1992),
*aff'd*, 273 N.J. Super. 526 (App. Div.),
*cert. den.*, 138 N.J. 264 (1994).............................. 15

*Galloway Tp. Bd. of Educ. v.*
*Galloway Tp. Ass'n of Educ. Secretaries,*
78 N.J. 1 (1978).............................................. 14

*Hrabinski v. Exxon Chemical Co.,*
258 N.J. Super. 143 (Law Div. 1992).......................... 15

*Kaczmarek v. New Jersey Turnpike Auth.,*
77 N.J. 329 (1978)...................................... 9, 11, 12

*Lullo v. Int'l Assoc. of Firefighters,*
55 N.J. 409 (1970)........................................... 14

*Montells v. Haynes,*
13 N.J. 283 (1993)........................................... 19

*Tarr v. Ciasulli,*
181 N.J. 70 (2004)....................................... 25, 26

## OTHER STATE COURT CASES

*Brown v. Main State Employees Assoc.,*
690 A. 2d 956 (Me. 1997)................................. 10, 15

*Foley v. American Federation of State,*
*County and Municipal Employees,*
556 N.E. 2d 581 (Ill. App. 1990)............................. 10

*Coleman v. Children's Services Division*,
694 P.2d 555 (Ore. App. 1984)................................. 10

**NEW JERSEY PERC ADMINSTRATIVE DECISIONS**

*Atlantic City Special Improvement District*,
25 NJPER 272 (¶30115 1999).................................... 12

*In re Fraternal Order of Police, Lodge 62*,
5 NJPER 178 (¶10096 1979)..................................... 9

*In re N.J. Institute of Tech.*,
23 NJPER (¶28135 1997)........................................ 12

*In re Passaic County Vocational-Tech. Bed. of Educ.*,
23 NJPER (¶28152 1997)........................................ 12

*Redbank Bd. of Educ.*,
5 NJPER 56 (¶10037 1978)...................................... 9

*State of New Jersey (Division of Civil Rights)*,
21 NJPER (¶26204 1995)........................................ 13

*Twp. of Springield*,
5 NJPER 15 (¶10008 1978)...................................... 9

**FEDERAL STATUTES**

29 U.S.C. §160(b)............................................. 14

42 U.S.C. §2000e-5(e)..................................... 22, 23

**NEW JERSEY STATE STATUTES**

*N.J.S.A.* 10:5-12(e)...................................... 24, 25

*N.J.S.A.* 34:13A-1....................................... 3, 8

*N.J.S.A.* 34:13A-5.3......................................... 18

*N.J.S.A.* 34:13A-5.4b(1)..................................... 9

*N.J.S.A.* 34:13A-5.4c......................... 10, 11, 12, 18

**FEDERAL RULES**

*Fed. R. Civ. Pro.* 12(b)(6)................................ 7, 30

**MISCELANEOUS**

*Restatement (Second) of Torts*, §876(b) (1979)............ 25, 26

## STATEMENT OF FACTS

The defendant, Camden Education Association ("CEA"), is the certified collective negotiations representative for teachers employed by the defendant, Camden City Board of Education ("Board"). The plaintiff, Delores Gray ("Gray") is a teacher employed by the Board, and as such, is a member of the collective negotiations unit represented by the CEA.

Gray's initial complaint was filed with the Court on April 4, 2005. (See Exhibit "A").[1] Because this initial complaint failed to contain sufficient information to provide the CEA with due notice as to the nature of Gray's claims, or their factual basis, the CEA applied to the Court for an Order directing Gray to provide a more definite statement. (See Exhibit "C"). The application was granted by the Court on August 15, 2005, and consequently the Court entered an Order directing Gray to file an amended complaint within ten days which provided CEA with a more definite statement of the claims asserted against it in Counts One, Three and Four of the complaint, and to set forth the factual basis for the claims asserted. (See Exhibit "C").

Gray ultimately filed her amended complaint on August 30, 2005 – five days beyond the time period set forth in the Court's August 15th Order. (See Exhibit "B"). Like Gray's initial complaint, the amended complaint appears to assert four causes

---

[1]    All Exhibits referenced herein are attached to the Certification of Colin M. Lynch, Esq.

of action against the CEA within four separate counts: (1)
Count One - violation of the Americans with Disabilities Act
("ADA"); (2) Count Two – "violation of Collective Bargaining";
(3) Count Three – violation of the "Law Against Age
Discrimination" ("LAD"); and (4) Count Four – violation of Title
VII to the Civil Rights Act of 1964 ("Title VII"). (See Exhibit
"B").

The plaintiff's apparent primary cause of action against
the CEA is contained within Count Two of the amended complaint
and alleges that that the "CEA failed to provide plaintiff with
adequate representation by not responding to her numerous
letters and grievances." (See Exhibit "B" at ¶29). The
"numerous letters and grievances" to which Gray alleges the CEA
failed to appropriately respond date as far back as January 1984
and end in May 2004. (See Exhibit "B" at ¶28).

While the plaintiff ostensibly asserts three additional
causes of action against the CEA, set forth in Counts One, Three
and Four for violation of the ADA, LAD and Title VII, she
notably does not allege that the CEA itself engaged in, or
intended to engage in, any specific or active discriminatory or
harassing conduct. Instead, plaintiff asserts that:

> Defendant CEA facilitated, was passive, and
> actively condoned the Board's and the other
> defendants' wrongful discriminatory actions,
> by failing to intervene on plaintiff's
> behalf in a timely and effective manner.
> Defendant CEA's nonfeasance resulted in

> damages to plaintiff, including, but not
> limited to, lost wages, lost salary
> increases, lost benefits, emotional distress
> and other losses she would not have
> otherwise suffered but for its behavior.

(See Exhibit "B" at ¶¶23, 36 and 40).

None of the aforementioned allegations against the CEA assert a viable cause of action. Addressing the Second Count of Gray's amended complaint first, Gray's cause of action for "violation of collective bargaining" essentially asserts a breach of the duty of fair representation by the CEA in violation of New Jersey state law, specifically the New Jersey Public Employer-Employee Relations Act ("PERC Act"), N.J.S.A. 34:13A-1, et. seq. A claimed breach by a union of its duty of fair representation, however, is subject to a six month statute of limitations. Because Gray filed her initial complaint far beyond the applicable limitations period, her amended complaint fails to state a claim upon which relief may be granted.

Counts One and Four of Gray's amended complaint are also legally deficient. Gray has not and cannot allege that she filed a complaint with the United States Equal Employment Opportunity Commission ("EEOC") alleging discrimination by the Board or the CEA in violation of either the ADA or Title VII. The filing of a complaint with the EEOC is a prerequisite to the initiation of litigation under both the ADA and Title VII. As such, Gray's causes of action for violation of the ADA and Title

VII contained within Counts One and Four of the amended complaint are fatally flawed and are subject to dismissal for failure to state a claim upon which relief may be granted.

In addition, Count Three of Gray's complaint – alleging "violation of law against age discrimination" – does not present a viable claim. Because Gray does not allege the CEA itself discriminated against her, the only potential cause of action she may have against the CEA under the LAD is for "aiding and abetting" the Board's alleged discriminatory conduct in violation of the LAD. The alleged failure of the CEA to timely and effectively respond to Gray's grievances and/or complaints of discrimination, however, fall far short of the knowing and substantial assistance and encouragement of discrimination necessary to state a claim for aiding and abetting liability under the LAD.

For the forgoing reasons, as well as those that follow, it is respectfully submitted that the plaintiff's causes of action against the CEA, set forth in Counts One through Four of her amended complaint, must be dismissed pursuant to Fed. R. Civ. Pro. 12(b)(6) for failure to state a claim upon which relief may be granted.

## LEGAL ARGUMENT

### POINT I.

**PLAINTIFF'S AMENDED COMPLAINT AGAINST THE CEA MUST BE DISMISSED AS IT FAILS TO STATE A VALID CAUSE OF ACTION UPON WHICH RELIEF MAY BE GRANTED**

A motion to dismiss, pursuant to Fed. R. Civ. Pro. 12(b)(6) tests the legal sufficiency of the complaint. Conely v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99 (1957). When considering a motion to dismiss under Rule 12(b)(6), the court must accept as true the facts alleged in the complaint and all reasonable inferences that can be drawn from them. Dismissal under Rule 12(b)(6) ... is limited to those instances where it is certain that no relief could be granted under any set of facts that could be proved. Markowitz v. Northeast Land Co., 906 F.2d 100, 103 (3rd Cir. 1990) (citing Ransom v. Marrazzo, 848 F.2d 398, 401 (3rd Cir. 1988)).

While the facts alleged within the complaint are accepted as true on a motion to dismiss, mere conclusory allegations are generally insufficient to withstand a Rule 12(b)(6) motion. See Morse. v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3rd Cir. 1997); Briehl v. General Motors Corp., 172 F.3d 623, 627-628 (8th Cir. 1999) (conclusory allegations of damages did not support claim from relief when plaintiff alleged no particular compensable damages); DM Research, Inc., v. College of Am. Pathologists, 170 F.3d 53, 55 (1st Cir. 1999) (conclusory

5

allegations of antitrust conspiracy are insufficient); <u>Bender v. Suburban Hosp., Inc.</u>, 159 F.3d 186, 192 (4th Cir. 1998) (conclusory allegations as to employment relationships insufficient as bare legal conclusion).

For the reasons that follow, granting Gray all reasonable inferences from the facts alleged in her amended complaint, it is clear that she has failed to state a claim against the CEA upon which relief may be granted. Gray cannot state a claim against the CEA for breach of its duty of fair representation because her claim fails outside the applicable six month statute of limitations. Nor can Gray state a claim against the CEA for violation of the ADA or Title VII as she failed to pursue the available administrative remedies through the filing of a timely complaint with the EEOC, or appropriate state agency. Lastly, Gray cannot state a claim for aiding and abetting the Board's alleged age discrimination under the LAD as the conduct alleged by Gray does not rise to level of knowing and substantial assistance and encouragement of the Board's alleged discriminatory conduct.

Accordingly, for the forgoing reasons, as well as those that follow, it is respectfully requested that Gray's amended complaint – alleging causes of action against the CEA for breach of its duty of fair representation, discrimination in violation of Title VII and the ADA, and discrimination in violation of the

6

"law against age discrimination" – be dismissed pursuant to Rule
12(b)(6) for failure to state a claim upon which relief may be
granted.

### POINT II.

**COUNT TWO OF THE PLAINTIFF'S AMENDED COMPLAINT ALLEGING BREACH OF THE CEA'S STATE LAW DUTY OF FAIR REPRESENTATION IS BARRED BY THE APPLICABLE SIX MONTH STATUTE OF LIMITATIONS.**

In Count Two of Gray's complaint, entitled "breach of collective bargaining," the plaintiff alleges that the "CEA failed to provide plaintiff with adequate representation by not responding to her numerous letters and grievances." (See Exhibit "B," ¶29). This is essentially a claim by Gray that the CEA breached its duty of fair representation. However, as discussed below, a duty of fair representation claim is subject to a six month statute of limitations. Because Gray's initial complaint was filed beyond the six month limitations period, it is time-barred and appropriately dismissed for failure to state a claim upon which relief may be granted.

### A.   A Breach of the Duty of Fair Representation is an Unfair Practice Under the PERC Act.

While not expressly stated in the amended complaint, it is clear that Gray is asserting that the CEA breached its duty of fair representation under New Jersey State labor relations law.[2] The duty of fair representation has been described by the New Jersey State courts as an obligation on the part of a union to

---

[2]   It is undisputed that Gray is a public sector employee. As such, her cause of action for breach of the duty of fair representation must arise, if at all, pursuant to state law set forth in the PERC Act, N.J.S.A. 34:13A-1, et seq.

"process grievances for all employees in the unit . . . with complete good faith, with honesty of purpose, and without unfair discrimination against a dissident employee or group of employees." D'Arrigo v. New Jersey State Bd. of Mediation, 119 N.J. 74, 79 (1990).

The New Jersey Supreme Court has recognized that a breach of the duty of fair representation is an unfair labor practice. In D'Arrigo, supra, in the context of discussing the duty of fair representation, the Court posited, "If a meritorious grievance is not pursued on behalf of an employee, the labor representative is subject to the charge of an unfair practice under [the PERC Act]." Id. at 79. Put differently, a claimed breach of the duty of fair representation is considered an unfair practice in violation of the PERC Act.

Likewise, the Public Employment Relations Commission ("PERC"), the state agency charged with administering the PERC Act, has consistently recognized that a breach of the duty of fair representation constitutes an unfair practice cognizable under the PERC Act, N.J.S.A. 34:13A-5.4b(1). See Twp. Of Springfield, 5 NJPER 15 (¶10008 1978); Redbank Bd. of Educ., 5 NJPER 56 (¶10037 1978); In re Fraternal Order of Police, Lodge 62, 5 NJPER 178 (¶10096 1979); accord Kaczmarek v. New Jersey Turnpike Auth., 77 N.J. 329 (1978).

9

Moreover, the courts of other states with statutory schemes similar to that of New Jersey have concluded that a breach of the duty of fair representation constitutes an unfair labor practice. See e.g., Brown v. Main State Employees Assoc., 690 A. 2d 956, 958 (Me. 1997) (restating previous case law holding that a union commits a "prohibited practice" by failing to represent its member); Foley v. American Federation of State, County and Municipal Employees, 556 N.E. 2d 581, 584 (Ill. App. 1990) (holding that the failure to adequately represent all of the employees in the bargaining unit is a restraint or coercion of the public employee in the exercise of the rights guaranteed them by the Illinois Public Relations Act); Coleman v. Children's Services Division, 694 P.2d 555, 558 (Ore. App. 1984), pet. for review den., 701 P.2d 784 (Ore. 1985) (affirming Oregon Employment Relations Board's interpretation that a breach of the duty of fair representation was an unfair labor practice which interfered with, restrained, or coerced an employee in the exercise of employment rights).

**B.   An Unfair Practice Complaint Must be Filed Within Six Months After the Occurrence of the Unfair Practice.**

The PERC Act requires that an unfair practice charge be filed with PERC within six months after the unfair labor practice has occurred. See N.J.S.A. 34:13A-5.4c; see also

10

Kaczmarek, 77 N.J. at 333.   The relevant statutory language authorizes PERC to issue a complaint:

> provided that **no complaint shall issue based upon any unfair practice occurring more than 6 months prior to the filing of the charge** unless person aggrieved thereby was prevented from filing such charge in which event the 6-month period shall be computed from the day he was no longer so prevented.

N.J.S.A. 34:13A-5.4c (emphasis added).

Since an unfair practice charge is subject to a six month statute of limitation, a claim that a union breached its duty to fairly represent a member is subject to the six month statute of limitations.   In Kaczmarek, supra, the plaintiff filed suit in the New Jersey Superior Court, Law Division, against his former employer for wrongful discharge, and against the union for breaching its duty of fair representation.   Id. at 334.   When confronted with a motion to dismiss his claim, the plaintiff instead filed an unfair practice charge with PERC alleging a breach of the duty of fair representation.   The charge filed with PERC, however, was more than seven months after the alleged wrongful discharge. Id. at 335.

Addressing only the issue of the limitations period, the New Jersey Supreme Court discussed whether the plaintiff should be relieved of the statutory bar to his claims.   Id. at 333. Although the Court ultimately held that the unusual circumstances of that case warranted tolling the statute of

limitations and ordered the case transferred to PERC, the Court at no time questioned that the six month limitation period contained in N.J.S.A. 34:13A-5.4c applied to plaintiff's claim for breach of the duty of fair representation.  Id. at 344. Indeed, in analyzing the equitable tolling considerations, the Court necessarily assumed that the six month limitations period was applicable to the plaintiff's claim.

PERC itself has determined that the appropriate statute of limitations in such cases is the six month statute of limitations contained in Section 5.4c of the PERC Act.  See Atlantic City Special Improvement District, 25 NJPER 272 (¶30115 1999); In re N.J. Institute of Tech., 23 NJPER 296 (¶28135 1997); In re Passaic County Vocational-Tech. Bd. of Educ., 23 NJPER 296 (¶28152 1997).  Because PERC has exclusive jurisdiction over unfair labor practices, and the CEA's duty of fair representation is imposed by the Act, it necessarily follows that under New Jersey law, the Act's six month statute of limitations is the applicable statute of limitations. [3]

In adopting a six month limitation period for such claims, PERC utilized the same time period federal courts have applied

---

[3]   Moreover, a significant question exists as to whether PERC possesses exclusive jurisdiction over claimed breaches by a public-employee union of its duty of fair representation, and therefore, whether this Court possess subject matter jurisdiction over this claim.  The CEA reserves the right to address this issue through future motion practice.

under the Nation Labor Relations Act, 29 U.S.C. §187 ("NLRA"). State of New Jersey (Division of Civil Rights), 21 NJPER 319 (¶26204 1995).  Under the NLRA, the United States Supreme Court has recognized that the six month limitations period is applicable to duty of fair representations claims arising with respect to private sector employment.  See Del Costello v. International Brotherhood of Teamsters, 462 U.S. 151, 103 S.Ct. 2281 (1983).

In Del Costello the Supreme Court was called upon to decide what statute of limitations should apply to claims asserting a breach by a private sector labor organization of its duty of fair representation.  The court rejected adoption of the various limitations periods contained in state statutes, including those for negligence, breach of contract, and vacation of arbitration awards.  Instead, it concluded that the appropriate limitations period was the six month period utilized by the National Labor Relations Board for unfair labor practice charges.  Id. at 161-68, 103 S. Ct. at 2289-2292.

Rather than searching for the most analogous situation covered by a state statute of limitations, the Court focused instead on the balance of interests at stake.  On the one hand, it noted that the average employee was generally unsophisticated in collective bargaining matters, and thus needed a reasonable amount of time to evaluate, retain counsel, and investigate

substantial matters not in issue in the grievance or arbitration proceeding from which he would be appealing, that is, the union's breach of its duty of fair representation.  Id. at 167, 103 S.Ct. at 2292.

Conversely, the Court was aware that it was unacceptable to have such claims lingering on for years.  Rapid resolution of labor disputes is favored by federal law, and the entire system of grievance and arbitration could be destabilized if modifications or interpretations to the collective bargaining agreement could be called into question years after the dispute first arose.  Id. at 168-69, 102 S.Ct. at 2292-2293. Accordingly, the court held that the six month limitations period in Section 10(b) of the NLRA, 29 U.S.C. §160(b), the federal law equivalent to Section 5.4c of the PERC Act, was the most appropriate statute of limitations to apply.  Id. at 169, 103 S. Ct. at 2294.

Federal decisions concerning the six month limitations period applicable to breach of the duty of fair representation claims are important because in interpreting the New Jersey statutory scheme, both the New Jersey courts and PERC are guided by federal interpretations of the NLRA.  See Lullo v. Int'l Assoc. of Firefighters, 55 N.J. 409, 424 (1970); Galloway Tp. Bd. of Educ. v. Galloway Tp. Ass'n of Educ. Secretaries,78 N.J. 1, 10-14 (1978).  Not surprisingly, the New Jersey courts have

followed Del Costello and applied the six month statute of limitations in duty of fair representations claims against private sector unions.   See Fleming v. UPS, Inc., 255 N.J. Super. 108 (Law Div. 1992), aff'd, 273 N.J. Super. 526 (App. Div.), cert. den., 138 N.J. 264 (1994), cert. den., 516 U.S. 847, 116 S.Ct. 139 (1995); Hrabinski v. Exxon Chemical Co., 258 N.J. Super. 143 (Law Div. 1992).

As noted above, PERC utilizes the same limitations period for duty of fair representation claims as the Supreme Court in Del Costello, and the New Jersey Supreme Court's decision in Kaczmarek assumed that the six month statute of limitations applies to such claims.   Moreover, other states have reached the same conclusion.   In a decision which is directly on point, the Maine Supreme Court held that the six month statute of limitations contained in Maine's public employment labor relations act, which is similar to New Jersey's Act, governs claims against public employee unions.   Brown, supra, 690 A. 2d 956.   In Brown, the court stated that:

> The relationships among the employee, the public sector, and the union are governed by the statutory scheme set out in the State Employees Labor Relations Act . . . . The legislature has granted the Board jurisdiction over both the employer and the union to remedy prohibited practices.   A complainant must file a prohibited practices complaint with the executive director of the Board no later than six months after its alleged occurrence.

Id. at 958 (citations omitted).

In sum, the New Jersey Courts, PERC, and other jurisdictions have applied a six month statute of limitation to claimed breaches of a pubic employee union's duty of fair representation.   This six month statute of limitations is in accord with the conclusion reached by the United States Supreme Court with respect alleged breaches of the duty of fair representation by private sector employee unions under the NLRA, the federal counterpart to the PERC Act.   It is also in accord with conclusions of other jurisdictions which have considered the issue in interpreting their respective versions of the PERC Act.[4]

The only published decision applying a statute of limitations greater than six months is Farber v. City of Paterson, 327 F.Supp.2d 401 (D.N.J. 2004).   In Farber, Judge Debevoise concluded that the appropriate statute of limitations for state law claims of breach of the duty of fair representation was six years.   It is respectfully submitted that this conclusion was in error as it clearly ignores long

---

[4]    It is worth noting that the New Jersey Superior Court, Appellate Division, has concluded, in an unpublished opinion that a six month statute of limitations applies to public-sector duty of fair representation claims.   See Cahn v. Officials of New Jersey Education Ass'n, A-4034-97T1 (See Exhibit "D").

recognized pubic policy in the field of labor relations and misreads the intent of the New Jersey Legislature.

Indeed, there is no reason to believe that New Jersey Supreme Court would deviate from the authoritative conclusion of the United States Supreme Court in Del Costello holding that a six month statute of limitations is applies to the private-sector claims for beach of the duty of fair representation. The New Jersey Courts have universally looked toward federal labor law in interpreting parallel state labor law. See D'Arrigo, supra. This is because the very same public policy concerns which led the Court to adopt a six month statute of limitations – the potential for destabilization of labor relations in the absence of rapid resolution of labor disputes – applies with equal, if not more force, in the public sector.

Moreover, Judge Debevoise's efforts to distinguish federal law from the PERC Act are, respectfully, unconvincing. In his written opinion, Judge Debevoise, opined that the Court in Del Costello opted for a six month statute of limitations for duty of fair representation claims because there exists no federal default statute of limitations. Id. at 422. This conclusion, however, simply fails appreciate the substantial labor relations policy considerations underlying the Court's holding in Del Costello which were determinative in that case.

If anything, a six month statute of limitations is even more appropriate for the state law duty of fair representation than its federal counterpart. Unlike the private-sector duty of fair representation, which is a product of federal common law, the public-sector state law duty of fair representation is codified and delineated by state statute in the form of the PERC Act. See Farber, 327 F.Supp.2d at 418; see also N.J.S.A. 34:13A-5.3. It is the PERC Act which establishes a six month statute of limitations for unfair labor practices, such as a breach of the duty of fair representation. See N.J.S.A. 34:13A-5.4c. It is the PERC Act which reveals the Legislative intent that labor disputes – even those between an employee and his union – should be resolved in a speedy and rapid manner. See N.J.S.A. 34:13A-3 ("It is...the public policy of this State that the best interests of the people of the State are served by the prevention or prompt settlement of labor disputes, both in the private and public sectors...."

Judge Debevoise's decision in Farber, however, turns this long recognized principle of labor relations on its head. Rather than a rapid resolution of labor disputes, a result clearly intended by the Legislature, and a policy universally favored by the courts, Judge Debevoise opted instead for the longest limitations period available. This leads to the anomalous result that a duty of fair representation claim would

have a longer limitations period than other claims of employment discrimination such as sexual harassment, racial discrimination, or a failure to accommodate a disability. See Montells v. Haynes, 13 N.J. 282, 292 (1993) (New Jersey Supreme Court holding that two-year statute of limitations applies for all claims arising under the LAD).

At the end of the day, there is no logical or compelling reason for a claimed breach of the duty of fair representation to have not one, but two separate statutes of limitations depending on the forum in which it is brought – a six month limitations period for administrative claims filed with PERC, and a six year limitations period for claims filed in civil court. This is particularly true where the United States Supreme Court, the New Jersey State courts, and the New Jersey Legislature have all recognized that public policy in the field of labor relations overwhelmingly favors the rapid resolution of labor disputes.

For the forgoing reasons, it is respectfully asserted that the appropriate statute of limitations for a claimed breach of the state law duty of fair representation is six months.

### C.  Gray's Cause of Action for Breach of the Duty of Fair Representation was Filed Outside of the Six Month Limitations Period.

Applying the six month statute of limitations, it is readily apparent that Gray's claimed breach of the duty of fair

representation is time-barred.   In paragraph 28 of her amended complaint, Gary lists those grievances she alleges the CEA failed to adequately respond to.   The oldest grievance referred to by Gary is a January 1984 complaint to the CEA that the Board improperly placed her at "step 1 of the teachers' contract tier." (See Exhibit "B," ¶28(a)).   The most recent grievance or complaint referred to by Gray is a May 2004 complaint to the CEA that the Board intentionally left her off the list of interviewees for a position and was treated as though she never handed in the paperwork in a timely manner.   (See Exhibit "B," ¶28(p)).

Unfortunately for Gray, her initial complaint was not filed until April 4, 2005 – approximately eleven months after her May 2004 complaint to the CEA concerning the Board's failure to interview her for a position.   Thus, her initial complaint was filed approximately five months after the applicable six month statute of limitations had run.   Therefore, for the reasons noted above, Count Two of the plaintiff's complaint asserting a cause of action for breach of the duty of fair representation fails to state a claim upon which relief may be granted.

## POINT III.

**PLAINTIFF'S FAILURE TO TIMELY FILE A CHARGE OF DISCRIMINATION WITH THE EEOC WARRANTS DISMISSAL OF COUNTS ONE AND FOUR OF HER AMENDED COMPLAINT**

Counts One and Four of Gray's amended complaint are also subject to dismissal as Gray has failed to plead (and cannot plead) that she filed a complaint of discrimination in violation of either the ADA or Title VII with the EEOC. See Hornsby v. United States Postal Service, 787 F.2d 87, 90 (3rd Cir. 1986)("A complaint does not state a claim upon which relief may be granted unless it asserts the satisfaction of the preconditions to suit specified by Title VII: prior [timely] submission of the claim to the EEOC…."); Bermingham v. Sony Corporation of America, Inc., 820 F.Supp. 834, 847 (D.N.J. 1992), aff'd, 37 F.3d 1485 (3rd Cir.1994) (Title VII plaintiff's failure to allege timely filing of charge with the EEOC, alleging the unlawful practice complained of in his Amended Complaint, entitles defendant to dismissal for failure to state a claim upon which relief can be granted); Churchill v. Starr Enterprises, 183 F.3d 184, 190 (3rd Cir. 1999) (noting that prior to commencing suit alleging employment discrimination in violation of ADA, plaintiff must first follow administrative procedures set forth in Title VII).

It is well-settled that the filing of a timely charge with the EEOC is a prerequisite to commencing an action in federal court alleging employment discrimination under either the ADA or Title VII. Churchill, supra; Howze v. Jones & Laughlin Steel Corp., 750 F.2d 1208, 1210 (3rd Cir. 1984)(citing Love v. Pullman, 404 U.S. 522, 523, 92 S.Ct. 616, 617 (1972)); Bermingham, 820 F.Supp. at 847. This is because Congress created and crafted a statutory and administration scheme designed to insure that a timely EEOC charge would be addressed, and potentially resolved, administratively before initiation or pursuit of federal court litigation. Bermingham, 820 F.Supp. at 846-47 (citing Waiters v. Parsons, 729 F.2d 233, 237, n9 (3rd Cir. 1984)(per curium)("The favored means of resolving employment discrimination disputes is a mutually acceptable resolution, worked out informally under the aegis of the EEOC")); Johnson v. Railway Express Agency, Inc., 421 U.S. 454, 457-58, 95 S.Ct. 1716, 1718-19 (1975)("Title VII establishes a 'comprehensive scheme' for resolving complaints of employment discrimination").

A Title VII or ADA employment discrimination claim is timely filed with the EEOC only if it complies with the limitations periods set forth at 42 U.S.C. §2000e-5(e). The statute requires that charges be filed with the EEOC no later than 180 days after the alleged wrongful acts of discrimination

unless the complainant first initiates proceedings with a state employment discrimination agency, in which event the EEOC filing period is extended to 300 days.  Id.

In this matter, Gray has failed to plead or otherwise allege that she filed a complaint with the EEOC, or a New Jersey State employment discrimination agency, within the time period mandated by the ADA and Title VII.  As such, Counts One and Four of her complaint are fatally flawed.  Indeed, the CEA is wholly unaware of any such complaints filed with the EEOC.  Of course, if Gray has filed such a complaint, then she should be readily capable of providing a copy of said complaint in opposition to the instant motion.  To the extent she does not, or cannot do so, it respectfully submitted that Counts One and Four of Gray's complaint must be dismissed for failure to state a claim upon which relief may be granted.

## POINT IV.

**COUNT THREE OF PLAINTIFF'S AMENDED COMPLAINT ALLEGING "VIOLATION OF LAW AGAINST AGE DISCRIMINATION" FAILS TO STATE A CLAIM FOR "AIDING AND ABETTING" LIABILITY UNDER THE LAD.**

In Count Three of her amended complaint, alleging "violation of the law against discrimination," Gray does not claim that the CEA discriminated against her because of her age. Instead, Gray asserts that the Board failed to appoint her to various supervisory positions resulting in lost wages, benefits and emotional distress. The only allegation against the CEA is that it:

> ...facilitated, was passive, and actively condoned the Board's and the other defendants' wrongful discriminatory actions, **by failing to intervene on plaintiff's behalf in a timely and effective manner**.

(See Exhibit "B" at ¶36) (emphasis added).

The forgoing factual allegation, however, fails to state a claim of age discrimination under the LAD. The only potentially applicable provision of the LAD is <u>N.J.S.A.</u> 10:5-12(e), which declares it unlawful "[f]or any person, whether an employer or an employee or not, to aid, abet, incite, compel, or coerce the doing of any of the acts forbidden under [the LAD], or attempt to do so." However, the mere failure of an employee union, such as the CEA, to file a grievance on behalf of a member simply

does not rise to the level of aiding and abetting conduct action under the LAD.

In Tarr v. Ciasulli, 181 N.J. 70 (2004), the New Jersey Supreme Court addressed for the first time the appropriate standard for aiding and abetting liability under the LAD. In analyzing N.J.S.A. 10:5-12(e), the Court initially noted that since the LAD does not define the terms "aid" and "abet," these words must be given their plain and ordinary meaning. Id. at 83. In reviewing the ordinary meaning of these words, the Court noted that words aid and abet "are included within the series of words 'incite," "compel," and "coerce." Id. Also helpful in the analysis posited the Court, was the dictionary definition of these terms. "Aid" means to "[t]o give help or assistance to," while "abet" means "[t]o incite, encourage, or assist." Id. Thus, noted the Court, aiding and abetting requires "active and purposeful conduct." Id.

The Court also cited with approval the Third Circuit's utilization of the standard embodied in the Restatement (Second) of Torts §876(b) (1979). Id. (citing Failla v. City of Passaic, 146 F.3d 149, 158 (3rd Cir. 1998)). The Restatement, noted the Court imposes "concert liability" on an individual if "he or she knows that the other's conduct constitutes a breach of duty and gives substantial assistance and encouragement to the other so to conduct himself." Id. at 84. This standard, concluded the

25

Court is consistent with the common usage of the terms "aid" and abet." <u>Id</u>.

Thus, held the Court, in order to establish aiding and abetting liability under the LAD, a plaintiff must show that: "(1) the party whom the defendant aids must perform a wrongful act that causes an injury; (2) the defendant must be generally aware of his role as part of an overall illegal or tortuous activity at the time that he provides the assistance; [and] (3) the defendant must **knowingly and substantially assist the principal violation**.'" <u>Tarr</u>, 181 N.J. at 84 (citing <u>Hurley v. Atlantic City Police Dept.</u>, 174 F.3d 95, 127 (3d Cir. 1999), <u>cert</u>. <u>den</u>., 528 U.S. 1074 (2000)).

With respect to the third factor in this three part test – "knowing and substantial assistance" – the Court noted several additional factors adopted by the <u>Restatement</u> helpful in the analysis, including: (1) the nature of the act encouraged; (2) the amount of assistance given by the defendant; (3) his presence or absence at the time of the tort; (4) his relation to the other; (5) his state of mind; and (6) the duration of the assistance provided. <u>Id.</u> (citing <u>Restatement (Second) of Torts</u> §876(b), cmt. d (1979)); <u>Hurley</u>, 174 F.3d at 127, n. 27.

It is important to note that liability for aiding and abetting another's discriminatory conduct may not be imposed merely because the defendant had some knowledge of the alleged

discriminatory conduct.   See Failla, 146 F.3d at 159.   In Failla, the Third Circuit opinion adopted by the New Jersey Supreme Court, the Court was careful to point out that mere knowledge of or involvement in the discriminatory conduct is insufficient to demonstrate knowing and substantial assistance:

> **Employees are not liable as aider and abettor merely because they had some role, or knowledge or involvement.**   Rather the degree of involvement, knowledge and culpability required as a basis of liability is heightened by the standard that the Restatement sets forth and we adopt.   Only those employees who meet this heightened standard will be aiders and abettors. It is important that this standard be set above mere knowledge and/or implementation lest a reverse *respondeat superior* liability could be created under the guise of aiding and abetting.

Id. at 159 (emphasis added).

Applying this standard to the conduct alleged by Gray in Count Three of her amended complaint, it is clear that she has failed to state a claim for aiding and abetting liability under the LAD.   Gray merely asserts that the CEA failed to "intervene on plaintiff's behalf in a timely and effective manner." Failing to intervene on a member's behalf, however, is a far cry from providing the Board with knowing and substantial assistance and encouragement in discriminating against the plaintiff on account of her age.

The six factors cited by the Court in analyzing whether conduct constitutes knowing and substantial assistance and encouragement likewise demonstrate that the CEA cannot be liable for the Board's alleged discrimination.  The first factor is the "nature of the act encouraged."  The plaintiff does not claim that the CEA "encouraged" any action of the Board.  Gray only alleges the CEA failed to prevent the Board's discriminatory conduct.

The second factor is the "amount of assistance given by the defendant."  Here, Gray fails to allege any assistance provided by the CEA in discriminating against her.  Certainly, Gray alleges no affirmative conduct by the CEA which aided the Board's alleged discrimination.  Indeed, the CEA did not participate in establishing the promotional criteria, nor was it directly or even indirectly involved in making any promotional decision.

The third factor is the defendant's "presence or absence at the time of the tort."  Here, Gray does not even claim that the CEA was "present" at the time the Board discriminated against her on the basis of her age.  The Fourth Factor is "his relation to the other."  This factor also militates against aiding and abetting liability.  As noted above, the CEA is not involved in establishing promotional criteria for administrative positions, or making promotional determinations.

Lastly, the fifth and sixth factors do not support aiding and abetting liability.  The fifth factor is the defendant's "state of mind."  Gray does not allege that the CEA shared any intent with the Board to discriminate against her on the basis of her age, only that the CEA failed to effectively and timely intervene.  The sixth factor is the "duration of assistance provided."  Here, however, Gray does not allege any "assistance" to the Board by the CEA.  Again, the CEA, as a labor organization, was not involved in the promotional process Gray claims was discriminatory.

In sum, the plaintiff has not and cannot state a claim for aiding and abetting age discrimination in violation of the LAD.  Gray has not alleged that the CEA knowingly provided substantial assistance and encouragement to the Board in discriminating against her.  The CEA simply had no role or involvement in the Board's discriminatory conduct.  The CEA neither establishes promotional standards, nor is involved in promotional determinations.  While Gray claims the CEA failed to adequately intervene to prevent the Board's discriminatory conduct, such an omission, even if true, does not and cannot rise to the level of substantial assistance and encouragement necessary to state a claim for aiding and abetting liability under the LAD.

## CONCLUSION

For the foregoing reasons, it is respectfully requested that plaintiff's amended complaint against defendant, Camden Education Association, be dismissed pursuant to Fed. R. Civ. Pro. 12(b)(6) for failure to state a claim upon which relief may be granted.

Respectfully, submitted,

**ZAZZALI, FAGELLA, NOWAK, KLEINBAUM & FRIEDMAN**
Attorneys for the defendant, Camden Education Association

By: Colin M. Lynch /s/_
Colin M. Lynch, Esq. (CML 4831)

Dated: September 26, 2005

15984.doc

30