UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DELORES GRAY,<br>    Plaintiff<br>    v.<br>CAMDEN CITY BOARD,<br>OF EDUCATION, CAMDEN<br>EDUCATION ASSOC., & ANNETTE<br>KNOX, STANLEY WHITE, & BETTY<br>HERRING, JANE & JOHN DOES<br>1 through 10, agents/employees of the<br>CAMDEN CITY BOARD OF<br>EDUCATION,<br>    Defendants | )<br>)<br>)<br>)Civil Case No. 1:05-cv-1778(FLW)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS
PURSUANT TO *FED. R. CIV. PRO. 12(b)(6)***

                                            Vera McCoy, Esq.
                                            PO Box 927
                                            Clementon, NJ 08021
                                            (856) 435-3360
                                            Attorney for plaintiff
                                            Delores Gray

On the brief:
Vera McCoy, Esq.

**TABLE OF CONTENTS**

Table of Contents………………………………………………………...i

Table of Authorities………………………………………………………ii

Statement of Facts…………………………………………………….... 1

Legal Argument……………………………………………..…………… 4

    I.  Plaintiff's Amended Complaint Should not be Dismissed
As it States a Claim Upon Which Relief can be Granted
Pursuant to Fed.R.Civ.Pro. 12(b)(6)……………………………….. 4

    A.  The New Jersey State Constitution and PERA Grants
Public Employees The Right to Present Grievances to
Their Employer…………………………………………………….. 5

    B.  The "Discovery Rule" Must Apply in this Case Because
Plaintiff Had No Knowledge of Her Right to File a Complaint
Against the CEA……………………………………………………. 7

Conclusion…………………………………………………………... 8

## TABLE OF AUTHORITIES

Page

Cases:

Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80..…………4

Kaczmarek v. New Jersey Turnpike Authority, 77 N.J. 329 (1978)…7

Lopez v. Swyer, 62 N.J. 267 (1973)…………………………………… 8

Lullo v. International Association of Firefighters, 55 N.J. 409 (1970)…………………………………………………………………. 6

Statutes:

New Jersey State Constitution, Art. I, Paragraph 19………………. 5

NLRA, 29 U.S.C.A. §159…………………………………………… 4

New Jersey Public Employers & Employees Relations Act, N.J.S.A. 34:13A-1, et seq………………………………………….. 4

Rules:

Fed.R.Civ. Pro. 12(b)(6)……………………………………………. 4

**STATEMENT OF MATERIAL FACTS**

Plaintiff, Delores Gray, was hired on or about August 29,1969, by the Camden City Board of Education, hereinafter the "Board", as a teacher. On or June 14, 1970 plaintiff received her Bachelor's Degree. In or about January 1984 plaintiff became an In-House Suspension Teacher at Camden High School. In or about December 1984 plaintiff received her Certification as an Elementary School Teacher from the State of New Jersey.

On or about May 15, 1999 plaintiff obtained her Master of Education Degree. In or about December 1999 plaintiff received Certificates of Eligibility as a School Administrator and Principal/Supervisor.

From 1969 until the present time plaintiff has been employed by the City of Camden Board of Education.

In or about January, 2002 plaintiff suffered an injury to her knee. She was confined to a wheelchair. At that time plaintiff was working at Camden High School.

In or about August 2002, the plaintiff was abruptly transferred from Camden High School to Hatch Middle School on direction of Principal, Betty Herring. Ms. Herring considered Ms. Gray "handicapped" and stated, "I do not want any handicapped people in my building."

The Board failed to properly accommodate Ms. Gray's handicap in violation of the ADA in that (a) no handicap parking space(s) were provided;

(b) no handicap ramps were made available; (c) there were no handicap accessible bathrooms in any of five buildings.  There was an elevator in the building, however, it was inoperable for approximately three to four months, in effect, providing no handicap accessibility to any floors above the first floor.

Plaintiff made several phone calls to the Board, and the Camden Education Association, hereinafter the "Association", or the "CEA", wrote numerous letters, and filed grievances.  Neither the Board nor the Association did anything to accommodate plaintiff's needs.

As a result of defendants' policies and practices, plaintiff was unjustly discriminated against and deprived of equal employment opportunities in violation of 42 U.S.C. §12101, the Americans with Disabilities Act.

Defendant CEA facilitated, was passive, and actively condoned the Board's and the other defendants' wrongful discriminatory actions, by failing to intervene on plaintiff's behalf in a timely and effective manner.  Defendant CEA's nonfeasance resulted in damages to plaintiff, including, but not limited to, lost wages, lost salary increases, lost benefits, emotional distress and other losses she would not have otherwise suffered but for its behavior.

Plaintiff filed numerous grievances with the CEA from in or about 1997 until 2004, and sent several follow up letters seeking resolution, but nothing was ever done.  The Association failed to set up any hearings or meetings with the Board so that plaintiff's grievances could be investigated, resolved and brought to

(2)

a resolution. Plaintiff's grievances included, but were not limited to:

(a) In or about January 1984, plaintiff informed the CEA that she was placed at step 1 of the teachers' contract tier after being in the Camden system for eleven years.
(b) In or about September 1985, plaintiff informed the CEA that she was forced to work beyond regular classroom hours as In House Suspension Teacher at Camden High School.
(c) In or about August 1996, plaintiff informed the CEA that she was abruptly transferred from one position to another without due process.
(d) In or about September 1996, plaintiff informed the CEA that her pay was reduced after the above mentioned transfer.
(e) In or about May 1997, plaintiff informed the CEA that she was given an "unauthorized title" and being demoted from an administrative position back into the classroom.
(f) In or about June 1997, plaintiff informed the CEA that her position at U.S. Wiggins, as In House Suspension Teacher, was abolished and once again she was transferred to Camden High School without due process or proper notice.
(g) In or about May 1998, plaintiff informed the CEA that she was working without a duty free lunch period and having no daily prep time.
(h) In or about June 1999, plaintiff informed the CEA that she did not receive tuition reimbursement for college credits.
(i) In or about September 1999, plaintiff informed the CEA that a staff member was placed in an acting administrative position when the vacancy was never publicly or privately advertised.
(j) In or about April 2000, plaintiff informed the CEA that she was placed on the wrong pay scale and questioned how the issue could be rectified so that she could receive the proper pay.
(k) In or about May 2001, plaintiff informed the CEA that she was placed in a classroom without heat, working without a duty free lunch period and having no daily prep time. An official grievance was filed and the Union never responded.
(l) In or about April 2002, plaintiff requested the CEA intervene on her behalf because she was terminated while taking sick leave. My health benefits were stopped and I suffered emotional and physical stress.
(m) In or about August 2002, plaintiff requested the CEA intervene on her behalf because she was transferred by the principal at Hatch Middle School because the principal did not want any handicapped staff members in her building.
(n) In or about September 2003, plaintiff informed the CEA that upon her return from her illness her 12 month position (Health and Social Service)

(3)

> was changed to a 10 month position (Teacher of In House Suspension) without due process, prior notice and/or it being put in writing.
> (o)  In or about June 2003, plaintiff informed the CEA that she had accrued vacation time while a twelve month employee that she never received.
> (p)  In or about May 2004, plaintiff informed the CEA that she was intentionally left off the list of interviewees for a position and was treated as though she never handed in the paperwork in a timely manner.

Defendant CEA failed to respond to plaintiff's grievances.  The proper procedure was for plaintiff to appear before the Board, with a CEA representative for resolution of her grievances.  Meetings never took place, arbitrations never occurred, thus the CEA was in violation of the National Labor Relations Act (NLRA), 29 U.S.C.A. §159 (a) and the New Jersey Public Employee and Employer Relations Act, N.J.S.A. 34:13A-1, et seq., hereinafter the "PERC Act".

Defendant CEA failed to provide plaintiff with adequate representation by not responding to her numerous letters and grievances.

## LEGAL ARGUMENT

### I.  Plaintiff's Amended Complaint Should not be Dismissed As it States a Claim Upon Which Relief can be Granted Pursuant to Fed.R.Civ.Pro. 12(b)(6)

Federal courts are bound to dismiss a complaint which fails to state a claim upon which relief can be granted when, accepting all the allegations contained in the complaint as true, there is no possibility that the non moving party can prevail.  The U.S. Supreme Court set the standard in Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-102, 2 L.Ed.2d 80,  (1957) "…a complaint

should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief".

Defendant CEA states that plaintiff's complaint should be dismissed against it because the complaint alleges breach of duty of fair representation by the Association, and plaintiff failed to file her complaint within six months after their occurrences.  Plaintiff complains that the CEA failed to provide any type of representation on her behalf with regard to her grievances against the Board of Education, thus CEA breached a duty of any type of representation, but plaintiff did not know that the Association that was supposed to protect her would have to become her adversary in order for her to get relief from the school board.

Plaintiff is unable to produce any evidence of filings with the Division on Civil Rights or the EEOC regarding her Title VII and ADA claims, however, the remainder of her complaint should not be dismissed for the following reasons.

### A.  The New Jersey State Constitution and PERA Grants Public Employees The Right to Present Grievances to Their Employer

Article I, par. 19 of the State Constitution states that "persons in public employment shall have the right to…present to and make known to…[public employers] their grievances and proposals through representatives of their own choosing".  But the PERC Act provides that public employees designate certain elected individuals to act as their exclusive representative to pursue grievances

(5)

and contract negotiations with their public employers.

The New Jersey Supreme Court reconciled these two seemingly conflicting statutes in Lullo v. International Association of Fire Fighters, 55 N.J. 409 (1970), by declaring

> "the majority representative has the exclusive right to process all employees' grievances…so long as the representative acts in complete good faith toward the employee in doing so." supra at 432, quoting Vaca v. Sipes, 386 U.S. 171, 87 S. Ct. 903, 17 L.Ed. 2d 842 (1967).

The PERC Act mandates that plaintiff was bound to allow the Association to argue her case with the Board. The Court went on to explain why an individual employee is not capable of pursuing his or her own grievance.

> In the handling of his own grievance,…, the employee has no more leverage than he would have if he undertook to negotiate all of the terms and conditions of his employment.  It is true that with rare exceptions an employee has little knowledge, even less skill and no sufficient financial resources to press his own grievance.  He badly needs fair and competent representation.  supra at 434.

The plaintiff did not know, nor did anyone make her aware, that she could, and should, have filed a complaint against the union for its failure to act on her behalf.  She waited, and continues to wait, for the CEA to respond to her grievances and present them to the school board.  Now defendant Association believes she should be penalized for failing to do what it was supposed to do, and not filing a complaint against the Association.

The plaintiff filed all of her grievances in accordance with the requirements of both the NLRA and the PERC statute, the CEA didn't respond.  The plaintiff's

(6)

CEA representative was required to follow through by doing whatever was necessary to address plaintiff's concerns.  The CEA did not do so.

### B.  The "Discovery Rule" Must Apply in this Case Because Plaintiff Had No Knowledge of Her Right to File a Complaint Against the CEA

The "discovery rule" as expounded in Lopez v. Swyer, 62 N.J. 267 (1973), should apply in this case.  The Appellate Division followed Lopez in Staub v. Eastman Kodak Co., 320 N.J.Super. 34, 42 (App. Div.1999), by pointing out

> The "discovery rule" is an equtable principle by which the accrual of a cause of action is delayed until the injured party discovers, or by the exercise of reasonable diligence and intelligence should have discovered[,] that he may have a basis for an actionable claim.'"

The plaintiff continues to work for the Camden Board of Education, and is supposedly represented by the CEA.  She was not aware that in order to obtain relief from the Board she needed to sue, or file a complaint with the PERC.  She knew of other employees who filed grievances with the CEA that waited substantial periods of time before the CEA addressed their concerns.  The plaintiff truly believed that eventually someone from the CEA would contact her to meet with the Board.  That didn't happen.

In addition, the defendants would have the court deny plaintiff a right granted by the State Constitution and the PERC Act because plaintiff failed to file a complaint against the CEA within six months after the CEA breached its duty of representation.  Based on that argument the plaintiff would have been filing complaints with the PERC every year beginning in 1977 up until 2004.

(7)

Nevertheless, given the facts presented, the plaintiff did not know she had recourse against the CEA by appealing to the PERC, and in fact that entity had exclusive jurisdiction to resolve her complaints.

The New Jersey Supreme Court addressed the issue of filing a PERC complaint outside of the six month period in <u>Kaczmarek v. New Jersey Turnpike Authority,</u> 77 N.J. 329 (1978).  The court found the plaintiff had not "slept on his rights" and that "the statute of limitations contained in N.J.S.A. 34:13A-5.4(c) [did] not constitute a bar to the charges herein." Id at 344.  In that case the plaintiff filed a complaint against his employer in Superior Court after his union failed to arbitrate his termination.

In this case plaintiff was constantly sending her grievances against the school board to the Association.  The Association knew, or should have known, that eventually, even though it took the plaintiff some time to do so, that it would have to answer to her for its refusal to respond to her request for assistance.

## CONCLUSION

The plaintiff's case should not be dismissed pursuant to Fed. R. Civ. Pro. 12(b)(6) because the CEA should not be rewarded for failing to properly represent the plaintiff.  In addition, the plaintiff did not know she had recourse against the CEA by going to the PERC in order to pursue her rights against the school board.

                                        Respectfully submitted:
                                        /s/Vera McCoy