UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

DELORES GRAY,                          : Civil Action No. 05-1778(NLH)
                                       :
    Plaintiff,                         :
                                       :
    v.                                 : **OPINION**
                                       :
CAMDEN CITY BOARD OF                   :
EDUCATION, et al.,                     :
                                       :
    Defendants.                        :
                                       :

**APPEARANCES:**

Vera McCoy, Esquire
PO Box 927
Clementon, NJ 08021

    *Attorney for Plaintiff*

Linda A. Olsen, Esquire
Ronan, Tuzzio & Giannone, Esqs.
One Hovchild Plaza
4000 Route 66
Tinton Falls, NJ 07753

    *Attorney for Defendants*

**HILLMAN**, District Judge

    This matter has come before the Court on the motion of defendant, Camden City Board of Education, for summary judgment on plaintiff's age discrimination claim under New Jersey's Law Against Discrimination, which is the only remaining claim in the case.[1] For the reasons expressed below, defendant's motion will

---

[1] Plaintiff's original and amended complaints contained four counts. The first and fourth counts were dismissed by prior order, and the second count, asserted solely against the Camden Education Association, has been resolved. Only plaintiff's age discrimination claim, count three, remains pending.

be granted.

## BACKGROUND

Plaintiff, Delores Gray, has been employed by defendant Camden City Board of Education from 1969 until 1972, and then again in 1984 until the present. Plaintiff is currently the In-House Suspension Coordinator at the Cooper B. Hatch Middle School, a position she has held since September 2003.

During her years of employment, plaintiff held many positions, and she claims she applied for many positions that she was not awarded. Plaintiff, born December 31, 1947, alleges that the reason defendant did not hire her for those positions was because of her age. Specifically, plaintiff claims that since 1999, she applied (1) two times for the principal position at Camden High School and once at an elementary school, (2) three times for the vice-principal position at Camden High School and two other schools, (3) once for the Scheduler position at one of Camden's high schools, (4) once for the Health and Human Services Coordinator at Cooper B. Hatch Middle School, and (5) once for Supervisor of Staff Development.

Defendant has filed a motion for summary judgment on plaintiff's age discrimination claim. Plaintiff has opposed defendant's motion.

**DISCUSSION**

**A.   Jurisdiction**

When plaintiff filed her complaint, it contained both federal and state claims.  As a result, this Court had jurisdiction over plaintiff's federal claims under 28 U.S.C. § 1331, and supplemental jurisdiction over plaintiff's state law claims under 28 U.S.C. § 1367.  Now that the only claim in the case is based on state law, the Court has chosen to continue exercising its supplemental jurisdiction to resolve the remaining claim.  See Growth Horizons, Inc. v. Delaware County, Pa., 983 F.2d 1277, 1284-85 (3d Cir. 1993) (stating that as the statute makes clear, the decision to exercise supplemental jurisdiction over remaining state law claims pursuant to 28 U.S.C. § 1367 is committed to the discretion of the district court).

**B.   Summary Judgment Standard**

Summary judgment is appropriate where the Court is satisfied that "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986); Fed. R. Civ. P. 56(c).

An issue is "genuine" if it is supported by evidence such that a reasonable jury could return a verdict in the nonmoving

3

party's favor.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A fact is "material" if, under the governing substantive law, a dispute about the fact might affect the outcome of the suit.  Id.  In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence "is to be believed and all justifiable inferences are to be drawn in his favor."  Marino v. Industrial Crating Co., 358 F.3d 241, 247 (3d Cir. 2004)(quoting Anderson, 477 U.S. at 255).

   Initially, the moving party has the burden of demonstrating the absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  Once the moving party has met this burden, the nonmoving party must identify, by affidavits or otherwise, specific facts showing that there is a genuine issue for trial.  Id.  Thus, to withstand a properly supported motion for summary judgment, the nonmoving party must identify specific facts and affirmative evidence that contradict those offered by the moving party.  Anderson, 477 U.S. at 256-57.  A party opposing summary judgment must do more than just rest upon mere allegations, general denials, or vague statements.  Saldana v. Kmart Corp., 260 F.3d 228, 232 (3d Cir. 2001).

**C.    Analysis**

   **1.    *Standard for age discrimination claim under NJLAD***

A claim of age discrimination under the New Jersey Law Against Discrimination ("NJLAD") uses the burden shifting framework established in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 803-05 (1974). See Dunleavy v. Montville Tp., 192 Fed. Appx. 100, 101 (3d Cir. 2006) (citing Stanziale v. Jargowsky, 200 F.3d 101, 105 (3d Cir. 2000)). To prove a NJLAD age discrimination claim, a plaintiff must first establish a *prima facie* case. A *prima facie* case requires proof that (1) the plaintiff, at 40 years or older, was a member of the protected class; (2) that the plaintiff applied for and was qualified for the job; (3) that the plaintiff was rejected despite her qualifications; and (4) that the employer ultimately filled the position with someone sufficiently younger to allow an inference of age discrimination. Fowle v. C & C Cola, a Div. of ITT-Continental Baking Co., 868 F.2d 59, 61 (3d Cir. 1989); see also Keller v. Orix Credit Alliance, 130 F.3d 1101, 1114 n.5 (3d Cir. 1997) (stating that the same legal principles of the Age Discrimination in Employment Act are applied to an age discrimination claim under NLJAD).

Should plaintiff establish a *prime facie* case, a presumption of discrimination is created and the burden of production shifts to the defendant to articulate some legitimate, nondiscriminatory

reason for its actions. "The employer satisfies its burden of production by introducing evidence which, taken as true, would permit the conclusion that there was a nondiscriminatory reason for the unfavorable employment decision. The employer need not prove that the tendered reason actually motivated its behavior, as throughout this burden-shifting paradigm the ultimate burden of proving intentional discrimination always rests with the plaintiff." Fuentes v. Perskie, 32 F.3d 759, 763 (3d Cir. 1994). This is a light burden. Id.

Once the employer answers its relatively light burden by articulating a legitimate, nondiscriminatory reason for the unfavorable employment decision, the burden of production rebounds to the plaintiff, who must now show by a preponderance of the evidence that the employer's explanation was merely a pretext for its actions, thus meeting the plaintiff's burden of persuasion. Goosby v. Johnson & Johnson Medical, Inc., 228 F.3d 313, 319 (3d Cir. 2000) (citing Reeves v. Sanderson Plumbing Products Inc., 530 U.S. 2097 (2000)).

### 2. *Plaintiff's claims*

Plaintiff claims that she was denied five positions due to her age. Each will be addressed in turn.

#### (i) Principal and Vice-Principal

Plaintiff does not provide any specifics, but she claims

that since 1999, she applied two times to become principal of Camden High School, and once to become a principal of either an elementary or middle school.  She also claims that she applied three times for the vice-principal at Camden High School and two other schools.  Plaintiff claims that she was qualified for the positions, but did not receive any of them because of her age.

Defendant does not have records for job applicants prior to 2004, when applications began to be tracked on the computer system.  As such, defendant accepts for the purposes of summary judgment that plaintiff did apply for those principal and vice-principal positions.  Accepting as true that plaintiff applied for those positions, defendant argues that plaintiff has not proven her *prima facie* case because she was not qualified for those positions.

With regard to plaintiff's *prima facie* case, it is undisputed that plaintiff was over the age of 40 when she applied for the principal and vice-principal positions.  Plaintiff, however, has failed to establish that she was qualified for those positions, and she has not shown that those positions went to someone younger than her.

The requirements for principal in the Camden school district include: (1) New Jersey Principal Certificate of Certificate of Eligibility; (2) minimum of a master's degree from an accredited college or university; (3) minimum of two years

administrative/supervisory experience; (4) minimum of three years teaching experience.  (Def. Ex. C.)  The requirements for high school vice-principal include: 1) New Jersey Principal Certificate of Certificate of Eligibility; (2) minimum of a master's degree from an accredited college or university; (3) minimum of five years teaching experience at high school.  (Def. Ex. D.)

Defendant explains that plaintiff was not qualified for principal because she did not have two years of administrative/supervisory experience.  With regard to the applications for the high school principal and vice-principal positions, defendant explains that plaintiff was not qualified because she did not hold a secondary education teaching certificate, and therefore could not meet the teaching requirement.  Defendant does not state how she was not qualified for the positions in the elementary schools.

In response, plaintiff does not specifically refute defendant's position with regard to her applications for principal and vice-principal. Rather, plaintiff makes the conclusory statement that she "had the requisite qualifications for the positions she applied for."  (Pl. Statement of Facts, ¶ 10.)  In her supporting brief, plaintiff also makes the general statement that she "had all the necessary certifications." (Pl.'s Br. at 4.)  She adds, "And if she did not, surely her

experience, and seniority, should have been used as a factor to determine her eligibility for the promotion."  (Id.)

It is plaintiff's burden to prove her *prima facie* case, and she has failed to do so.  Even though it appears that plaintiff had a principal certificate and an elementary school teaching degree, and defendant has not commented on her qualifications with regard to the elementary school positions, she has not articulated how she meets the other qualifications for principal or vice-principal.  It is not up to the Court to independently review plaintiff's resume and determine whether her experience made her qualified for those positions.  Further, without specifically identifying which positions she applied for, it is impossible to determine her qualifications for a particular job.  Plaintiff may have met the requirements for an elementary school principal or vice-principal, but plaintiff has not even alleged when and where she applied for those positions.[2]

Also fatal to plaintiff's *prima facie* case is her failure to show who was awarded those positions instead of her.  The fourth element of a *prima facie* case for age discrimination is showing that the employer ultimately filled the position with someone

---

[2]These deficiencies also speak to plaintiff's inability to meet her burden of discounting defendant's articulated legitimate, nondiscriminatory reason for not hiring her for the principal and vice-principal positions, if she were to establish a *prima facie* case.

9

sufficiently younger to allow an inference of age discrimination. Plaintiff has provided no evidence, and she has not even alleged, that a person "sufficiently younger" than her got the principal and vice-principal jobs. Consequently, because she has failed to establish her *prima facie* case, defendant is entitled to summary judgment on plaintiff's claims of age discrimination with regard to the principal and vice-principal jobs.

### (ii) Scheduler position

Plaintiff claims that she was denied the high school scheduler position because of her age. Defendant argues that plaintiff cannot establish her *prima facie* case because she was not qualified for the position and because it was not filled by someone younger than plaintiff.

The requirements for the high school scheduler position include: (1) minimum of a bachelor's degree; (2) N.J. instructional certificate; (3) at least five years teaching experience at the secondary level; (4) training in master scheduling procedures and practices; and (5) knowledge of scheduling software. (Def. Ex. E.)

Defendant states generally that plaintiff did not meet these qualifications. Defendant also states that the position went to the person who had been temporarily filling in as scheduler, and that person was older than plaintiff. Just like her response

with regard to the principal and vice-principal positions, plaintiff only makes a general statement that she was qualified for the position.

Again, it is plaintiff's burden to prove her *prima facie* case. She not only fails to articulate how she was qualified for the scheduler position, she has not demonstrated that someone significantly younger than her was awarded the job. Moreover, plaintiff has failed to refute defendant's evidence that defendant offered the position a woman who was older than plaintiff. As such, defendant is entitled to summary judgment on plaintiff's age discrimination claim with regard to the scheduler position.

### (iii) Health & Human Services Coordinator

Plaintiff also contends that she was not awarded the health and human services coordinator position because of her age. Defendant argues that she was not qualified for the job, and that even if she was, she has not refuted defendant's reasons for hiring someone else.

The qualifications for the health and social services coordinator (the correct name for the position) include: (1) minimum of a bachelor's degree; (2) experience in related health and social services; and (3) demonstrated knowledge of area service providers. (Def. Ex. F.)  Plaintiff applied for this

11

position in April 2004.  Fifteen candidates were chosen for interviews.  (Def. Ex. I.)  Plaintiff was not one of the fifteen.  Ten people interviewed for the position, and it was awarded to Karen Gore, who was born March 27, 1969.

Even though not presented by plaintiff, defendant admits that plaintiff held the health and social services coordinator position on a temporary basis for six months from September 1, 2002 through March 18, 2003, when she went on medical leave.  This satisfies the presumption for plaintiff's *prima facie* case that she was qualified for the position.  Additionally, plaintiff was over the age of 40 when she reapplied for the position in April 2004, and it was awarded to someone under the age of 40.  Consequently, for the purposes of this summary judgment motion, plaintiff has made her *prima facie* case.

To rebut plaintiff's *prima facie* case, defendant explains that plaintiff was not awarded the position because a more qualified candidate applied, and not because of plaintiff's age.  Defendant states that each job opening is competitive.  With thirty-seven schools and 3600 employees in the Camden School, the human resources department receives approximately 250 applications a month for various openings.  (Def. Ex. H, Aff. of Movetia Salter, Human Resources Manager for Camden Schools.)  To determine who should be selected for the health and social services coordinator position, a committee was formed.  That

12

committee included four employees who were all over the age of 50. Defendants relate that Karen Gore was selected because she had a bachelor of science degree in health promotions and marketing, and a master's degree in human service management. (Def. Ex. J, Resume of Karen Gore.) Her work experience included management of the service case management program for the New York Urban League, job placement for individuals with disabilities, senior citizens, gays/lesbians, women and minorities for Diversity Services Human Resource Agency, and as a project consultant and clinician for the Family Health Project for Memorial Sloan Kettering Institute. (Id.)

Defendant has met its burden of demonstrating a legitimate, nondiscriminatory reason for its actions. Taking as true that defendant hired Gore based on her qualifications, defendant has shown that age was not the reason plaintiff was not awarded the job.

Defendant also points out two additional reasons for discounting plaintiff's age discrimination claim. First, when the decision-makers for an employment decision are themselves over the age of 40, courts have held that the discriminatory intent is lacking. Young v. Hobart West Group, 897 A.2d 1063, 1070 (N.J. Super. Ct. App. Div. 2005) (citing Lowe v. J.B. Hunt Transp., Inc., 963 F.2d 173, 175 (8th Cir. 1992) (affirming dismissal of age discrimination claim because it would be "simply

13

incredible, in light of the weakness of the plaintiff's evidence otherwise, that the company officials who hired him at age fifty-one had suddenly developed an aversion to older people less than two years later."). Second, courts have rejected age discrimination claims when a plaintiff was both hired and fired while a member of the protected age group. Id. (citing Richter v. Hook-SupeRx, Inc., 142 F.3d 1024, 1032 (7th Cir. 1998) ("While not dispositive, this Court has found it significant that individuals alleged to have discriminated on the basis of age were themselves members of the protected class." (citation omitted)). Even though plaintiff left the position due to medical leave, and was not fired, the principle holds true in this situation.

   Because defendant has answered its its relatively light burden of articulating a legitimate, nondiscriminatory reason for the unfavorable employment decision, the burden of production rebounds to the plaintiff, who must now show by a preponderance of the evidence that the employer's explanation was merely a pretext for its actions, thus meeting the plaintiff's burden of persuasion. Plaintiff has failed to do this. To demonstrate that defendant's decision was a pretext, plaintiff argues that defendant overlooked plaintiff's experience as a psycho-education specialist and program coordinator with the Philadelphia Child

Guidance Clinic, her experience as an administrative substance awareness coordinator, her work with Camden Adolescent Pregnancy, and her job as a crisis worker with the Steininger Center.

The problem with plaintiff's argument is that it is not for the Court to determine whether plaintiff's experience makes her qualified for the health and human services coordinator position. Indeed, for the sake of her *prima facie* case, the Court has accepted as true that she was qualified for the position. What plaintiff must prove is that defendant choosing Karen Gore because she was more qualified for the position was actually a pretext--that is, plaintiff must prove that did not get the position on the sole basis of her age.

To meet the standard of proving pretext, plaintiff must point "to some evidence, direct or circumstantial, from which a fact-finder would reasonably either: (1) disbelieve the employer's articulated legitimate reasons; or (2) believe that an invidious discriminatory reason was more likely than not a motivating or determinative cause of [the employer's] action." Foxworth v. Pennsylvania State Police, 228 Fed. Appx. 151, 158 (3d Cir. 2007) (citing Sheridan v. DuPont de Nemours & Co., 100 F.3d 1061, 1067 (3d Cir. 1996); Fuentes, 32 F.3d at 764)). Other than plaintiff's own subjective opinion, she has not provided any evidence to support her position. Plaintiff may have a difference in opinion about which qualifications--Gore's or her

15

own--are better suited to hold the health and human services coordinator position, but that does not provide any proof to support her contention that she did not get the position because of her age. Consequently, defendant is entitled to summary judgment on this claim.

### (iv) Supervisor of Staff Development

Plaintiff claims that she applied for, but did not get, the position of supervisor of staff development because of her age. Defendant argues that no such position exists, and, therefore, plaintiff's claim fails.

Plaintiff does not refute defendant's statement that no such position exists. She does not provide the qualifications for such a job, and she does not articulate how she meets any requirements for the job. Consequently, defendant is entitled to summary judgment on this claim.

### CONCLUSION

For the reasons expressed above, plaintiff has failed to meet her burden of showing that an issue of material fact remains as to her age discrimination claims with regard to the five positions she applied for, but did not get. Accordingly, summary judgment must be entered in favor on defendant. An appropriate Order will issue.

Dated: March 25, 2008          s/ Noel L. Hillman
At Camden, New Jersey          NOEL L. HILLMAN, U.S.D.J.